J-S09014-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
BRIAN JOHNSON :
:
Appellant : No. 972 EDA 2019

Appeal from the PCRA Order Entered January 6, 2014
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0705391-1995

BEFORE: SHOGAN, J., LAZARUS, J., and COLINS, J.*

MEMORANDUM BY SHOGAN, J.: **FILED AUGUST 31, 2020**

Appellant, Brian Johnson, appeals *nunc pro tunc* from the January 6,

2014 order denying his petition filed pursuant to the Post Conviction Relief Act,

42 Pa.C.S. §§ 9541-9546. Counsel has petitioned to withdraw pursuant to

***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v.***

***Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). We affirm the PCRA court's

order and grant counsel's petition to withdraw.

The PCRA court aptly summarized the relevant procedural history, as

follows:

> On February 24, 1994, [Appellant] was arrested and charged
> with the murder of Antonio Jenrette. On October 2[9], 1996,
> [Appellant] pled guilty to third degree murder, one count of
> violation of the Uniform Firearms Act (VUFA), and possession of an
> instrument of crime (PIC). [Appellant] was represented at this

_____

* Retired Senior Judge assigned to the Superior Court.

guilty plea hearing by David Rudenstein, Esquire. Pursuant to his negotiated plea, [Appellant] was sentenced to 10 to 20 years state incarceration on the murder charge, 2 1/2 to 5 years state incarceration on the VUFA charge, and 2 1/2 to 5 years state incarceration on the PIC charge. All charges were to run consecutively for an aggregate sentence of 15 to 30 years state incarceration. No direct appeal was filed.

On August 8, 2011, [Appellant] filed a *pro se* "Motion to Withdraw Guilty Plea *Nunc Pro Tunc*." This motion was received and docketed by the post-trial unit as a first PCRA petition. Barnaby C. Wittels, Esquire was appointed as PCRA counsel on October 31, 2012. On September 9, 2013, Mr. Wittels filed a no-merit letter pursuant to Finley.[1] On December 3, 2013, Judge Erdos sent [Appellant] a Notice of Intent to Dismiss Pursuant to Rule 907 based upon counsel's Finley letter. [Appellant] responded to the 907 Notice on January 2, 2014. On January 6, 2014, Judge Erdos dismissed [Appellant's] petition. [Appellant] did not file a direct appeal.

On November 17, 2014, [Appellant] filed a second PCRA petition, this time seeking reinstatement of his appellate rights so that he could appeal the dismissal of his original petition. He claimed that he never received notice of its dismissal until he received a mailing from the Court of Common Pleas Prothonotary's Office on September 19, 2014, which included a copy of his docket. On April 18, 2018, this matter was assigned to this [c]ourt. On March 13, 2019, the Commonwealth filed its response to [Appellant's] petition, in which it agreed that [Appellant's] appellate rights should be reinstated *nunc pro tunc*. On March 15, 2019, this Court granted the relief requested in [Appellant's] petition and reinstated [Appellant's] appellate rights *nunc pro tunc*, also indicating that [Appellant] was entitled to appointment of appellate counsel if he so wished. On March 22, 2019, [Appellant] filed his Notice of Appeal to Superior Court. On April 5, 2019, [Appellant] filed a motion for appointment of counsel. After his request received no response from the Appeals Unit, this Court issued an order on June 14, 2019, ordering that appellate counsel

---

[1] Attorney Wittels concluded that the petition was untimely, no exceptions to the jurisdictional time bar were established, and that the issues raised therein were without merit. ***Finley*** Letter Brief, 2/9/13, at 3–8.

be appointed forthwith.  On June 21, 2019, John Belli, Esquire was appointed as counsel and entered his appearance.

Trial Court Opinion, 8/30/19, at 2–3.  As noted, counsel has filed a brief on Appellant's behalf, and counsel's petition to withdraw remains outstanding.

Prior to addressing the merits of the issues on appeal, we must first decide whether counsel has fulfilled the procedural requirements for withdrawing his representation.  **Commonwealth v. Daniels**, 947 A.2d 795, 797 (Pa. Super. 2008).  This Court has listed conditions counsel must satisfy when seeking to withdraw in a collateral appeal:

> Counsel petitioning to withdraw from PCRA representation must proceed . . . under **Turner**, **supra** and **Finley**, **supra** and . . . must review the case zealously.  **Turner**/**Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner:  (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> * * *
>
> [W]here counsel submits a petition and no-merit letter that . . . satisfy the technical demands of **Turner**/**Finley**, the [court in which the application was filed, meaning the trial court or the appellate court] must then conduct its own review of the merits of the case.  If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

**Commonwealth v. Doty**, 48 A.3d 451, 454 (Pa. Super. 2012) (citation omitted).

In the application filed with this Court, Attorney John Belli explained he reviewed the case, evaluated the issues, conducted an independent review of the record, and concluded there were no issues of merit. Counsel listed issues Appellant sought to raise and explained why the appeal is without merit. In addition, counsel asserted that he served Appellant with a copy of the application to withdraw, the brief, and a letter addressed to Appellant accompanying those documents. Thus, we will allow counsel to withdraw if, after our independent review, we conclude that the claims relevant to this appeal lack merit.

In the ***Turner/Finley*** brief, counsel set forth the issues Appellant wanted to raise on appeal, which counsel concludes are meritless, as follows:

1. Was trial counsel ineffective for failing to investigate, interview, and call as witnesses several persons who possessed exculpatory information?

2. Did trial counsel provide ineffective assistance of counsel by failing to expend sufficient time preparing the case for trial and conferring with Appellant?

3. Did trial counsel coerce Appellant to plead guilty by advising him that it was likely that he would be convicted of first degree murder and receive a sentence of life imprison[ment]?

4. Is Appellant entitled to PCRA relief because he is actually innocent?

5. Is Appellant entitled to PCRA relief predicated on information provided by Nathan Riley in an affidavit, someone Appellant was aware of when he was arrested?

***Turner/Finley*** Brief, 10/29/19, at 3–4. Appellant raised an additional issue on April 2, 2012, in a *pro se* supplemental PCRA petition asserting that he was entitled to relief based on the holding of the then recently issued case of ***Lafler v. Cooper***, 566 U.S. 156 (2012), wherein the United States Supreme Court reaffirmed the principle that a criminal defendant is entitled to the effective assistance of counsel during a guilty plea proceeding. ***Turner/Finley*** Brief at 4.[2]

After PCRA counsel filed his ***Turner***/***Finley*** brief and petition to withdraw as counsel, Appellant filed a *pro se* response and objection to the brief and counsel's petition. In Appellant's *pro se* response, he raised the following issue, which we present here *verbatim*:

---

[2] The certified record does not include Petitioner's August 8, 2011 PCRA petition. On October 3, 2019, Penelope Graves of the Philadelphia Court of Common Pleas Appeals Unit filed a notice to the Prothonotary of this Court representing that:

> The [Commonwealth v. Johnson] case is missing from the Office of Judicial Records. Accordingly, a reconstructed record was prepared from available documents of the Document Management System of available scanned court documents. Also, there were available notes of testimony located, possibly with the record. When the original file is returned/located it will be immediately transmitted to the appellate court.

Notice, 10/3/19, at unnumbered 1. On follow-up inquiry from the Superior Court Prothonotary, it was determined that the missing documents could not be located. Our review is not hampered, however, because Appellant does not aver that appointed counsel or the PCRA court mischaracterized the allegations in his original petition.

Appellant avers that his guilty plea was not knowing, voluntary and intelligent because he was not advised of the mandatory term of imprisonment that his guilty plea subjected him to under Pennsylvania indeterminate sentencing scheme, in violation of his due process rights under the United States Constitution and all previous counsel's provided constitutional ineffective assistance for failing to object and preserve this issue for appellate review in violation of the Sixth Amendment right to effective assistance of counsel.

Appellant's *Pro Se* Response, 1/2/20, at 1.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." **Commonwealth v. Stultz**, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting **Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)).  This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error.  **Commonwealth v. Rykard**, 55 A.3d 1177, 1183 (Pa. Super. 2012).

A PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]"  42 Pa.C.S. § 9545(b)(1).  A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."  **Id.** at § 9545(b)(3).

Beyond the one-year time-bar, a petitioner must plead and prove at least one of the time-bar exceptions.  These exceptions include:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).  A petitioner must raise the claim within sixty days that the claim could have been raised.  ***Id.*** at § 9545(b)(2).[3]

In the case *sub judice*, Appellant was sentenced on October 29, 1996. Appellant did not file post-sentence motions or a direct appeal.  Accordingly, his judgment of sentence became final thirty days thereafter, on November 29, 1996, when the period for filing a direct appeal to this Court expired.  ***See*** Pa.R.A.P. 903(a) (providing an appeal to this Court shall be filed within thirty days after entry of the order from which the appeal is taken).[4]  Thus, Appellant

---

[3] Section 9545(b)(2) was amended to reflect that a petitioner has one year rather than the prior deadline of sixty days to raise his claim.  This amendment became effective on December 24, 2018, but only applies to claims arising on December 24, 2017 or after.  Thus, the amendment does not apply here.

[4] Although the thirtieth day was November 28, 1996, that date fell on a court holiday, Thanksgiving.  ***See*** 1 Pa.C.S. § 1908 ("Whenever the last day of any computation period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation.").

had until November 29, 1997, to file a timely PCRA petition. Appellant's petition was filed on August 8, 2011, more than thirteen years after his judgment of sentence became final. The petition, therefore, is patently untimely. *See* 42 Pa.C.S. § 9545(b)(1); ***Commonwealth v. Gamboa−Taylor***, 753 A.2d 780, 783 (Pa. 2000) (holding a PCRA petition filed more than one year after judgment of sentence becomes final is untimely and the PCRA court lacks jurisdiction to address the petition unless the petitioner pleads and proves a statutory exception to the PCRA time-bar). We thus turn to whether Appellant has pled and proven that one or more of the exceptions to the PCRA's timeliness requisites applies and allows review of his appellate issues.

The first three issues in counsel's ***Turner***/***Finley*** brief assert claims of trial counsel's ineffectiveness for: a) failing to investigate, interview, and call exculpatory witnesses; b) failing to properly prepare the case for trial; and c) unlawfully inducing the Appellant to enter a guilty plea. ***Turner***/***Finley*** Brief at 3−4. However, as determined by the PCRA court, Appellant failed to plead and prove any of the PCRA enumerated timeliness exceptions permitting review of these issues. PCRA Court Opinion, 8/30/19, at 6.[5] Thus, the PCRA

_____

[5] In his *pro se* supplemental petition, Appellant acknowledged that claims of ineffective assistance of counsel do not fall within the any of the PCRA timeliness exceptions. He submits, however, that the time bar should not apply given "the egregious circumstances here. . . ." *Pro Se* Supplemental Petition, 4/2/12, at 4 n.1. Appellant is not entitled to waiver of the jurisdictional time bar on this basis. Statutory time limitations "are mandatory and interpreted literally; thus, a court has no authority to extend filing periods

court lacked jurisdiction to consider his petition. ***See Commonwealth v. Fahy***, 737 A.2d 214, 222. ("This Court has made clear that the time limitations pursuant to the . . . PCRA are jurisdictional.") Having discerned no error of law, PCRA relief is not warranted. ***See Commonwealth v. Ward–Green***, 141 A.3d 527, 535 (Pa. Super. 2016) (claims for ineffective assistance of counsel do not save an otherwise untimely petition for review on the merits).

Appellant next avers that he is entitled to PCRA relief because he was actually innocent. This claim is likewise time-barred because assertions of actual innocence cannot circumvent the PCRA's timeliness requirements. ***See Commonwealth v. Brown***, 143 A.3d 418, 420–421 (Pa. Super. 2016) (declining to construe federal *habeas corpus* case law as creating an additional exception to PCRA's timeliness requirements). As observed by the PCRA court,

> [Appellant] claims "actual innocence," arguing that this "qualifies as a 'fair and just' reason seeking withdrawl [sic] of his guilty plea." This claim is entirely without merit as a stand-alone claim of "actual innocence" is not cognizable under the PCRA in Pennsylvania. Commonwealth v. Brown, 143 A.3d 418, 420-21 (Pa.Super.2016). Although a federal petitioner may assert a "convincing actual innocence claim" to "invoke the miscarriage of justice exception to overcome the federal *habeas corpus* statute of limitations," no such exception exists with respect to the timeliness restrictions of the Pennsylvania PCRA. *Brown*, 143 A.3d at 420-21 (citing Commonwealth v. Saunders, 60 A.3d 162, 165 (Pa. Super.2013)[)].

---

except as the statute permits." ***Commonwealth v. Rizvi***, 166 A.3d 344, 347 (Pa. Super. 2017) (citation omitted).

PCRA Court Opinion, 8/30/19, at 8 (footnote omitted). After review, we conclude that the PCRA's court's rationale for rejecting Appellant's actual innocence claim as untimely is supported by the record and free of legal error. Accordingly, Appellant is not entitled to PCRA relief.

Appellant next argues that he is entitled to relief predicated on newly discovered facts in the form of an affidavit executed by an alleged witness, Nathan Riley. The PCRA court examined this issue in the context of whether trial counsel was ineffective for failing to properly investigate witnesses, not whether the claim was time-barred. The PCRA court intimated that the Riley affidavit was not reliable, and concluded that there was no evidence that Appellant actually told trial counsel about other witnesses. PCRA Opinion, 8/30/19, at 7.

While the PCRA court's legal reasoning on the substantive issue is sound, we conclude that Appellant's newly discovered fact claim is not sustainable for the reason that it is time-barred. The timeliness exception set forth in 42 Pa.C.S. § 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his claim and could not have learned those facts earlier by the exercise of due diligence. *Commonwealth v. Bennett*, 930 A.2d 1264, 1270 (Pa. 2007). A petitioner must explain why he could not have obtained the new fact earlier with the exercise of due diligence. *Commonwealth v. Monaco*, 996 A.2d 1076, 1080 (Pa. Super. 2010) (citations omitted). This rule is strictly enforced. *Id.*

Appellant does not challenge the assertion that Riley was known to him when he was charged with the crimes in 1994. Accordingly, because Appellant cannot establish that he exercised due diligence in regard to unearthing the purported eyewitness, he cannot invoke the newly discovered fact exception to the time bar. **See Commonwealth v. Pursell**, 749 A.2d 911, 916 (Pa. 2000) (describing the Section 9545(b)(1)(ii) exception as one, "which permits an untimely claim where the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence, as an exception for after-discovered evidence.").

Appellant avers in his supplemental petition that he is entitled to post conviction relief based upon the holding of **Lafler**, 566 U.S. at 163, that a criminal defendant is entitled to effective assistance of counsel during a guilty plea proceeding. Supplemental Petition, 4/2/12, at 1–2. **See Commonwealth v. Hernandez**, 79 A.3d 649, 654 (Pa. Super. 2013) (**Lafler** applied the long-established right of effective assistance of counsel to the plea bargaining process). Appellant again asserts that the newly discovered facts exception to the PCRA's timeliness requirements permits review of this issue. He also maintains that the claim is reviewable under 42 Pa.C.S. § 9545 (b)(1)(iii)'s exception for issues involving constitutional rights recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in 42 Pa.C.S. §9545(b)(1) and has been held by that court to apply retroactively. 42 Pa.C.S. §9545(b)(1)(iii).

The PCRA Court addressed Appellant's **Lafler** claim, as follows:

In his supplemental petition, [Appellant] attempts to invoke the newly discovered fact exception by claiming his petition is timely because he filed it within 60 days of the United States Supreme Court decision in **Lafler v. Cooper**, 132 S.Ct. 1376, 182 L.Ed. 2d 398 (2012). First, it is well settled that subsequent decisional law does not constitute a new "fact" for the purposes of exceptions to the time bar. **Commonwealth v. Brandon**, 51 A.3d 231 (Pa. Super. 2014). Moreover, this claim is nonsensical. . . . [The] holding of this case is wholly inapplicable to his matter. In **Lafler**, the US Supreme Court held that the petitioner was prejudiced by counsel's deficient performance in advising the petitioner to go to trial instead of pleading guilty and that the proper remedy was for the prosecution to reoffer the plea deal. These facts are in no way analogous to [Appellant's] matter.

PCRA Court Opinion, 8/30/19, at 5–6.

We agree with the PCRA court's rejection of Appellant's **Lafler** claim as untimely for the reason that judicial decisions do not constitute "newly discovered facts." **See Commonwealth v. Watts**, 23 A.3d 980, 987 (Pa. 2011) ("subsequent decisional law does not amount to a new 'fact' under section 9545(b)(1)(ii) of the PCRA"). Moreover, this Court has held that **Lafler** did not create a new constitutional right. **See Hernandez**, 79 A.3d at 654 (**Lafler** did not enunciate "a constitutional right that was recognized by the Supreme Court of the United States that would provide Appellant with an exception to the timeliness requirements of the PCRA. 42 Pa.C.S. § 9545(b)(1)(iii)"). Accordingly, Appellant has failed to plead or prove a statutory exception to the PCRA time bar entitling him to relief on his **Lafler** claim.

Finally, in his *pro se* response to counsel's ***Turner/Finley*** brief, Appellant contends that his "guilty plea was not knowing, voluntary and intelligent because he was not advised of the mandatory term of imprisonment that his guilty plea subjected him to under the Pennsylvania Indeterminate sentencing scheme . . . ." *Pro Se* Response, 1/7/20, at 1. He further avers that counsel was ineffective for failing to preserve this issue for appellate review. ***Id.***

Based upon the certified record that is available for our review, ***see*** n. 3, *supra*, these issues were not raised in either Appellant's original or supplemental PCRA petitions. ***See*** Petitioner's Supplemental Petition, 4/2/12, at 1–10 (outlining the rationale for application of ***Lafler*** as a basis for relief); Attorney Barnaby Wittels ***Turner***/***Finley*** Letter, 9/9/13, at 2 (identifying the issues Appellant raised in his *pro se* filings as counsel's ineffectiveness and an actual innocence claim); Petitioner's Objection to ***Turner/Finley*** No Merit Letter, 1/2/14, at 2 ("Petitioner is in agreement [with] Barnaby Wittels, Esquire, as to claims listed in counsel's "no-merit" letter as being the claims raised in his pro se filings.").

It is long settled that issues not raised in a PCRA or amended PCRA petition are waived on appeal. ***Commonwealth v. Lauro***, 819 A.2d 100, 103–104 (Pa. Super. 2003) (waiving five issues not in original or amended PCRA petition). Further, an appellant cannot raise a subject for the first time on appeal. ***Commonwealth v. Hanford***, 937 A.2d 1094, 1098 n.3 (Pa.

Super. 2007) (new legal theories cannot be raised for first time on appeal); Pa.R.A.P. 302(a). Accordingly, we find that Appellant waived the issue outlined in his *pro se* response.

Even if we were to consider Appellant's current challenge to his guilty plea as subsumed under the prior allegation that counsel coerced him into accepting the plea, the claim still would not merit relief because it is time-barred. As discussed above, Appellant's PCRA petition was filed over thirteen years after his judgment of sentence became final. Appellant has failed to plead and prove that any of the PCRA timeliness exceptions is applicable to sanction review of his allegedly defective guilty plea proceeding. 42 Pa.C.S. § 9545(b)(1). Additionally, in his *pro se* response to the **Turner/Finley** Brief, Appellant did not attempt to explain why his claims should not be dismissed as untimely filed. Furthermore, as to Appellant's argument that counsel was ineffective for failing to preserve the guilty plea issue, we are reminded that claims of ineffective assistance of counsel do not save an otherwise untimely petition for review on the merits. **Ward–Green**, 141 A.3d at 535.

In conclusion, the PCRA court's rulings in this matter are supported by the record and free from legal error. Moreover, we have conducted an independent review of the record, as well as the contents of counsel's petition to withdraw and the **Turner/Finley** brief; we agree that the PCRA petition is untimely, meritless, and permits counsel to withdraw.

Petition to withdraw as counsel granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/31/20